IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01036-PAB-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

RICHARD F. RAEMISCH, Executive Director, Colorado Department of Corrections,
CAPTAIN GALLARDO, SCCF,
MS. KRAKOW, MHP, SCCF,
C.O. ESPINOZA, SCCF,
DR. RICHARD MALEY, SCCF MHP,
DONALD GIBSON, SCCF MHP,
MS. SPEARING, SCCF MHP,
LT. LYNN EDWARD TRAVIS, SCCF,
SGT. ULYSSES MONTOYA, SCCF,
SGT. ESLINGER, SCCF,
C.O. CORTEZ, SCCF,
C.O. COLLINS, SCCF,
C.O. SIERRA, SCCF,
C.O. KEYS, SCCF,
PAMELA JONES, LPN SCCF,
SGT. SHOFFLER, SCCF, and
LT. JOHN DOE, SCCF,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 94] filed on February 20, 2018. The magistrate judge recommends that the Court dismiss all the claims asserted by plaintiff except for the following: (1) plaintiff's first claim for relief, to the extent that it asserts a medical malpractice claim against defendant Krakow; (2) plaintiff's second claim for relief to the

extent it asserts a medical malpractice claim against defendants Maley, Gibson, and Spearing; (3) plaintiff's seventh claim for relief to the extent it asserts an Eighth Amendment claim against defendant Keys; and (4) plaintiff's twelfth claim for relief to the extent it asserts a Fourteenth Amendment claim against defendant Raemisch. Docket No. 94 at 31-32. Defendants[1] filed an objection to the recommendation on March 6, 2018. Docket No. 96. Plaintiff filed an objection on March 7, 2018. Docket No. 97.

## I. BACKGROUND

Because the magistrate judge's recommendation thoroughly summarizes the facts relevant to plaintiff's claims, *see* Docket No. 94, the Court will not restate those facts here. Plaintiff is incarcerated at San Carlos Correctional Facility ("SCCF"), which is run by the Colorado Department of Corrections ("CDOC"). Docket No. 1 at 2. On April 26, 2017, plaintiff filed a *pro se* prisoner complaint asserting seventeen claims for relief. Docket No. 1. Plaintiff's claims, which arise out of a series of incidents that occurred at SCCF in April 2015, can be divided into two general categories: (1) claims against defendants in their individual capacities for alleged violations of plaintiff's constitutional rights; and (2) claims against Richard Raemisch in his official capacity

---

[1]"Defendants" will be used in this order to refer to defendants Raemisch, Gallardo, Krakow, Espinoza, Maley, Spearing, Travis, Montoya, Eslinger, Cortez, Collins, Sierra, Keys, Jones, and Shoffler. Although defendant Keys did not participate in the initial filing of the motion to dismiss, he joined the motion on October 10, 2017. Docket No. 56. Donald Gibson is not included in "defendants" because he did not join either the motion to dismiss or defendants' objection on account of the fact that he was only recently served. *See* Docket No. 80 (December 26, 2017 order granting service by U.S. Marshal as to defendant Gibson). Finally, both defendants' motion to dismiss and their objection refer to defendant Shoffler as "Shofner," but defendants have not moved to correct the case caption. *See* Docket No. 32; Docket No. 96.

challenging the constitutionality of certain CDOC regulations, policies, and practices. *See* Docket No. 94 at 9-10; *see generally* Docket No. 1. On July 31, 2017, defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 32. On February 20, 2018, the magistrate judge recommended that the Court grant the motion and dismiss the majority of plaintiff's claims on a combination of jurisdictional and non-jurisdictional grounds. *See* Docket No. 94. The magistrate judge also stated that, if the Court adopted the recommendation, certain of plaintiff's claims would proceed due to defendants' failure to make any argument for their dismissal. *Id.* at 32 n.5. Both plaintiff and defendants subsequently filed objections to the magistrate judge's recommendation. Docket Nos. 96, 97.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court construes his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Tolling

Plaintiff objects to that portion of the magistrate judge's recommendation rejecting plaintiff's argument that the statute of limitations should be tolled due to "Defendant Org's" and the SCCF law library's wrongful interference with his ability to timely file his complaint. Docket No. 97 at 1. The magistrate judge concluded that, because neither "Defendant Org" nor the SCCF law library is a party to this suit, equitable tolling is unjustified. *See* Docket No. 94 at 12. In his objection, plaintiff contends that the magistrate judge failed to liberally construe his response brief and that "Defendant Org" was intended to be a reference to the CDOC. Docket No. 97 at 1, ¶¶ 1-2. Plaintiff further asserts that this case is factually analogous to *United States v. Gabaldon*, 522 F.3d 1121 (10th Cir. 2008), in which the Tenth Circuit held that a prisoner was entitled to equitable tolling where prison staff had confiscated his legal materials for the six weeks leading up to the expiration of the limitations period for his 28 U.S.C. § 2255 claim. *Id.* at 1124, 1126.

The Court agrees with the magistrate judge's finding that plaintiff has failed to justify equitable tolling based on wrongful conduct. Even construing plaintiff's response liberally to allege that the CDOC engaged in wrongful conduct, plaintiff has not argued that any one of the named defendants impeded the timely filing of his complaint. *See Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000) (equitable tolling permitted when the "defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner"); *see also Escobar v. Reid*, 668 F. Supp. 2d 1260, 1272 (D. Colo. 2009)

4

(finding equitable tolling unwarranted where, "[e]ven if Plaintiff could show that a deficiency in the prison law library prevented him from filing a timely complaint, Plaintiff [had] not shown that Defendants caused the deficiency or had the ability to cure the deficiency"); *Weldon v. Ramstad-Hvass*, 2012 WL 12895048, at *7 n.4 (D. Wyo. May 23, 2012) (citing *Escobar* for proposition that equitable tolling may "be available when the wrongful conduct of a defendant prevents a plaintiff from asserting a claim against that defendant," but noting that the court could not find any authority that "would support equitable tolling when a claim against one defendant is allegedly prevented as a result of the wrongful conduct of a different defendant").[3] Nor has he asserted facts demonstrating that prison officials' failure to timely return his complaint constituted "wrongful" conduct.

Although plaintiff has failed to show that defendants' wrongful conduct prevented the timely filing of his complaint, he may still be entitled to equitable tolling if "truly exceptional circumstances prevented [him] from filing" his claims. *Noel*, 12 P.3d at 330. In his response to defendants' motion to dismiss, plaintiff asserted that "Defendant Org" prevented him from "possessing or obtaining a copy of his prisoner complaint during

---

[3]To the extent plaintiff cites *Gabaldon* to support the position that he need not assert wrongful conduct by the named defendants, *Gabaldon* involved a 28 U.S.C. § 2255 motion, not a claim against individual defendants under § 1983. 552 F.3d at 1123. Additionally, the court appears to have analyzed the petitioner's argument under an "extraordinary circumstances" theory. *See id.* at 1126 (holding that "a complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling"). At least one court to have considered whether the denial of access to legal materials justifies equitable tolling under Colorado law has similarly applied an "extraordinary circumstances" theory. *See, e.g.*, *Fogle v. Pierson*, 435 F.3d 1252, 1258-59 (10th Cir. 2006).

March 26th to April 24th, 2017, a period in which the SOL may have run on a number of his claims." Docket No. 60 at 35. Plaintiff claims that, because he was permitted "written-only" access to the law library, he was forced to send his complaint through the prison mail system to the law library in order to have it copied. *Id.* He alleges that his complaint was not returned until April 24, 2017, the date he placed it in the SCCF mail system to the Court. *Id.*; Docket No. 1-1 at 2. Courts have found extraordinary circumstances based on similar facts. *See Fogle*, 435 F.3d at 1258-59 (finding dismissal of prisoner complaint as legally frivolous to be inappropriate where it was "not 'patently clear'" that being denied access to law library clerks and prison lawyers were "not the sort of extraordinary circumstances that would permit equitable tolling" under Colorado law); *Gabaldon*, 522 F.3d at 1125 (finding, in habeas context, that "a complete confiscation of [plaintiff's] legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling).

To prevail on an "extraordinary circumstances" theory, however, plaintiff must show that he made "diligent efforts" to pursue his claims. *Noel*, 12 P.3d at 330 ("The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims."); *Pinson v. Pacheco*, No. 10-cv-01377-REB-MJW, 2011 WL 1755888, at *4 (D. Colo. Mar. 16, 2011) (finding that whether plaintiff was entitled to equitable tolling depended on whether "he [had] diligently pursued his claims following the exhaustion of his administrative remedies" (internal quotation marks and brackets omitted)), *recommendation adopted*, 2011 WL 1755022 (May 9, 2011). Courts have generally required a plaintiff alleging denial of access to legal materials to demonstrate diligence by "making multiple requests that his documents be

6

returned before the deadline" or by "attempting to timely file in spite of the lack of access." *United States v. Oakes*, 445 F. App'x 88, 94 (10th Cir. 2011) (unpublished) (internal quotation marks omitted); *Gabaldon*, 522 F.3d at 1126-27 (finding that plaintiff "demonstrated due diligence in attempting to retrieve his seized legal materials before his filing deadline").[4] Plaintiff has not indicated that he did either of these things. Thus, although plaintiff may be correct that it was reasonable for him to assume that the library would copy his complaint within a month's time, *see* Docket No. 60 at 35, he failed to exercise diligence when, as the statutory deadline approached, he did not (a) attempt to have the library copy his complaint more quickly or ask the library to return it to him without making a copy, or (b) file a hastily-prepared complaint to avoid the running of the statute of limitations. Accordingly, plaintiff has failed to show that he made diligent efforts to pursue his claims. *See Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009) (stating that plaintiff bears the burden of showing that equitable tolling should apply).

In the absence of equitable tolling, plaintiff's § 1983 claims are barred by the two-year statute of limitations. The Court will therefore grant defendants' motion to dismiss plaintiff's first, second, third, fourth, fifth, sixth, and eighth claims for relief to the

---

[4]Although *Oakes* and *Gabaldon* address the propriety of equitable tolling in the habeas context, both state and federal law impose a similar due diligence requirement. *Compare Oakes*, 445 F. App'x at 93 ("Equitable tolling requires the defendant to prove . . . that he diligently pursued his claims."), *with Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (Colo. 1996) (stating that plaintiff is entitled to equitable tolling where circumstances outside of his control have prevented him from filing claims within statutory period, "so long as the plaintiff makes good faith efforts to pursue the claims when possible"), *and Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010) (interpreting Colorado law to require plaintiffs seeking equitable tolling to "diligently pursue[] their claims following the exhaustion of their administrative remedies).

extent they assert § 1983 claims against defendants in their individual capacities.

## B. Medical Malpractice Claims

Defendants object to the portion of the magistrate judge's recommendation which states that the Court's adoption of the recommendation will allow the medical malpractice claims, asserted under plaintiff's first and second claims for relief, to proceed. Docket No. 96 at 2. The magistrate judge found that defendants had not advanced any argument that those claims should be dismissed. Docket No. 94 at 32 n.5. Defendants now contend that plaintiff's medical malpractice claims, to the extent they were properly asserted in the complaint, "were encompassed within Defendants argument [in the motion to dismiss] and are also barred by the statute of limitations." Docket No. 96 at 4.

A review of the motion to dismiss reveals that defendants' argument is incorrect. As a preliminary matter, the Court finds that plaintiff's first and second claims for relief clearly asserted claims for medical malpractice that were distinct from plaintiff's claims under 42 U.S.C. § 1983. *See* Docket No. 1 at 7 (asserting claim against defendant Krakow for "medical malpractice under applicable state laws"), 8 (asserting claim for "medical malpractice under applicable state laws" against defendants Maley, Gibson, Spearing, and Barr). Contrary to defendants' contention, the motion to dismiss did not address these claims. Defendants focused their argument on plaintiff's § 1983 claims, arguing that those claims are barred by the two-year statute of limitations in Colo. Rev. Stat. § 13-80-102. Docket No. 32 at 4. Although plaintiff's state medical malpractice claims may also be barred by a two-year statute of limitations under Colorado law, there is nothing in the motion to dismiss that would allow either plaintiff or the Court to infer

8

such an argument. This is particularly true given that different provisions govern the limitations periods for § 1983 claims and medical malpractice claims. *Compare Glaser v. City & Cty. of Denver, Colo.*, 557 F. App'x 689, 698 (10th Cir. 2014) (unpublished) (applying 2-year limitations period in Colo. Rev. Stat. § 13-80-102 to § 1983 claims), *with Barajas v. Weiss*, No. 16-cv-02186-RBJ, 2018 WL 684757, at *2-4 (D. Colo. Feb. 2, 2018) (applying limitations period in Colo. Rev. Stat. § 13-80-102.5 to tort action against health care professional). Defendants recognize as much in their objection and cite the provision applicable to medical malpractice claims. *See* Docket No. 96 at 5. However, because this argument was not presented to the magistrate judge, the Court will not consider it. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Defendants' objection to the magistrate judge's recommendation is overruled.

### C. Unobjected-to Rulings

As for the unobjected-to portions of the recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 94] is **ACCEPTED**. It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 32] is **GRANTED**. It is further

**ORDERED** that plaintiff's first, second, third, fourth, fifth, sixth, and eighth claims for relief are dismissed to the extent that they assert constitutional claims under 42 U.S.C. § 1983. It is further

**ORDERED** that plaintiff's ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth claims for relief are dismissed. It is further

**ORDERED** that plaintiff's seventh claim for relief is dismissed to the extent that it asserts an Eighth Amendment claim against defendant Jones. It is further

**ORDERED** that plaintiff's twelfth claim for relief is dismissed to the extent that it asserts an Eighth Amendment claim against defendant Raemisch. It is further

**ORDERED** that the following claims will proceed: plaintiff's first claim for relief to the extent that it asserts a medical malpractice claim against defendant Krakow; plaintiff's second claim for relief to the extent that it asserts a medical malpractice claim against defendants Maley, Gibson, and Spearing; plaintiff's seventh claim for relief to the extent that it asserts an Eighth Amendment claim against defendant Keys;[5]

---

[5]The Court notes that defendants make a general assertion that they are entitled to qualified immunity with respect to plaintiff's individual capacity claims. *See* Docket No. 32 at 25. However, defendants do not relate their qualified immunity defense to plaintiff's Eighth Amendment claim against defendant Keys or otherwise argue that the

plaintiff's twelfth claim for relief to the extent that it asserts a Fourteenth Amendment claim against defendant Raemisch.

DATED March 27, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

claim should be dismissed.  *See id.* at 25-26.  Defendants also do not object to the magistrate judge's finding that plaintiff's Eighth Amendment claim against defendant Keys should be allowed to proceed.  *See* Docket No. 94 at 32; Docket No. 96 at 2 (limiting objection to portion of recommendation addressing medical malpractice claims under claims one and two).