IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01036-PAB-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

RICHARD F. RAEMISCH, Executive Director, Colorado Department of Corrections,
CAPTAIN GALLARDO, SCCF,
MS. KRAKOW, MHP, SCCF,
C.O. ESPINOZA, SCCF,
DR. RICHARD MALEY, SCCF MHP,
DONALD GIBSON, SCCF MHP,
MS. SPEARING, SCCF MHP,
LT. LYNN EDWARD TRAVIS, SCCF,
SGT. ULYSSES MONTOYA, SCCF,
SGT. ESLINGER, SCCF,
C.O. CORTEZ, SCCF,
C.O. COLLINS, SCCF,
C.O. SIERRA, SCCF,
C.O. KEYS, SCCF,
PAMELA JONES, LPN SCCF,
SGT. SHOFFLER, SCCF, and
LT. JOHN DOE, SCCF,

    Defendants.

---

## ORDER

---

This matter comes before the Court on the Motion to Reconsider (ECF 103) Order [Docket No. 107] filed by plaintiff Luke Irvin Chrisco. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Plaintiff is presently incarcerated at San Carlos Correctional Facility ("SCCF") in Pueblo, Colorado. Docket No. 1 at 2. On April 26, 2017, he filed a *pro se* prisoner

complaint asserting seventeen claims for relief arising out of a series of incidents that occurred at SCCF in April 2015. Docket No. 1. On July 31, 2017, defendants filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 32. On February 20, 2018, the magistrate judge recommended that the Court grant the motion to dismiss on a combination of jurisdictional and non-jurisdictional grounds. Docket No. 94. Of particular relevance to plaintiff's present motion, the magistrate judge determined that plaintiff's first through sixth and eighth claims for relief were barred by the applicable statute of limitations because the claims accrued before April 24, 2015. Docket No. 94 at 10-11. In reaching that determination, the magistrate judge rejected plaintiff's argument for equitable tolling on the ground that plaintiff had failed to assert any wrongful conduct on the part of the named defendants. *Id.* at 11-12 (applying rule that "doctrine of equitable tolling is limited to situations in which [ ] the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner" (quoting *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000)).[1] Both parties filed objections to the magistrate judge's recommendation. Docket Nos. 96, 97.

On March 27, 2018, the Court entered an order adopting the magistrate judge's recommendation and granting defendants' motion to dismiss. Docket No. 103. With respect to the equitable tolling issue, the Court agreed with the magistrate judge's determination that plaintiff had failed to justify equitable tolling based on wrongful

---

[1] Plaintiff asserted that equitable tolling was warranted because "Defendant Org" had prevented him from "possessing or obtaining a copy of his prisoner complaint during March 26th to April 24th, 2017, a period in which the [statute of limitations] may have run on a number of his claims." Docket No. 60 at 35.

conduct. Docket No. 103 at 4. The Court further considered whether equitable tolling was warranted based on "exceptional circumstances," but concluded that plaintiff had not shown that he had made "diligent efforts" to pursue his claims. *See* Docket No. 103 at 5-6 (citing *Noel*, 12 P.3d at 330). In particular, the Court noted that plaintiff "failed to exercise diligence when, as the statutory deadline approached, he did not (a) attempt to have the library copy his complaint more quickly or ask the library to return it to him without making a copy, or (b) file a hastily-prepared complaint to avoid the running of the statute of limitations." Docket No. 103 at 7. On April 9, 2018, plaintiff filed a motion for reconsideration challenging the Court's resolution of the equitable tolling issue. Docket No. 107. Defendants have not filed a response.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at

*1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because plaintiff is proceeding *pro se*, the Court will construe his motion for reconsideration liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff makes three arguments in support of reconsideration. First, he contends that the Court erred "by failing to draw all reasonable inferences in Plaintiff's favor" in resolving the equitable tolling issue. Docket No. 107 at 2. Second, he asserts that the record contains insufficient evidence to support a conclusion that plaintiff did not attempt to either retrieve his complaint before the filing deadline or file a hastily-prepared complaint to avoid the running of the limitations period. *Id.* Third, plaintiff argues that the Court should not have dismissed his claims without first issuing a show cause order to give plaintiff an opportunity to demonstrate that he acted diligently to meet the filing deadline. *Id.* Each of these arguments is unpersuasive.

Plaintiff's first argument misperceives plaintiff's burden on the equitable tolling issue. Although plaintiff correctly suggests that a court "must accept all well-pleaded allegations of the complaint as true and [ ] construe them in the light most favorable to the plaintiff" at the motion to dismiss stage, *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210,

4

1215 (10th Cir. 2007) (quotation marks and citation omitted), plaintiff had the burden of showing that he is entitled to equitable tolling. *Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009) (stating that the "plaintiff has the burden of establishing the[ ] elements" of equitable tolling); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) ("For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions."). Here, neither plaintiff's response to defendants' motion to dismiss nor his objection to the magistrate judge's recommendation gave any indication that plaintiff either attempted to retrieve his complaint by the filing deadline or tried to prepare another complaint to avoid the running of the limitations period. Moreover, even assuming plaintiff was entitled to reasonable inferences in his favor, plaintiff does not point to any allegations or evidence from which the Court could have inferred that plaintiff diligently pursued his claims.

Plaintiff's second argument also fails. Plaintiff asserts that there is no evidence suggesting that he did not attempt to retrieve his complaint or submit a hastily-drafted complaint before the filing deadline. But the absence of such evidence does not satisfy plaintiff's affirmative obligation to show that equitable tolling is warranted. *See Gognat*, 224 P.3d at 1049 (denying claim for equitable tolling where plaintiff presented insufficient evidence to support his claim).

Finally, plaintiff contends that the Court should have issued a show cause order to allow plaintiff to develop a "factual record" regarding his efforts to pursue his claims. Docket No. 107 at 2. However, plaintiff had at least two opportunities – in his response to defendants' motion to dismiss and in his objection to the magistrate judge's recommendation – to proffer arguments and evidence in support of his claim for

equitable tolling. He failed to do so. Even now, in his motion for reconsideration, plaintiff does not provide any further information concerning his efforts to submit his complaint before the filing deadline.

Because plaintiff has failed to show that the Court clearly erred in denying his claim for equitable tolling or that there is new evidence or legal authority that would justify reconsideration of the Court's order, it is

**ORDERED** that plaintiff's Motion to Reconsider (ECF 103) Order [Docket No. 107] is **DENIED**.

DATED June 12, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge