IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01036-PAB-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

RICHARD F. RAEMISCH, Executive Director, Colorado Department of Corrections,
MS. KRAKOW, MHO, SCCF,
DR. RICHARD MALEY, SCCF MHP,
DONALD GIBSON, SCCF MHP,
MS. SPEARING, SCCF MHP, and
C.O. KEYS, SCCF,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant Donald Gibson seeks to dismiss Plaintiff Luke Chrisco's claim for medical malpractice. Mr. Chrisco did not file a response to Mr. Gibson's motion. Because Mr. Chrisco initiated this case outside of the two-year statute of limitations, I respectfully recommend that the Honorable Philip A. Brimmer grant the motion.

### BACKGROUND

**I.    Facts**

    The following are relevant factual allegations, which I take as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Mr. Chrisco is incarcerated at the San Carlos Correctional Facility ("SCCF") in the Colorado Department of Corrections. Compl. 2, ECF No. 1. Relevant here, Mr. Chrisco alleges that on April

15, 2015, Defendant Richard Maley ordered that he be placed on a "Mental Health Watch" ("MHW") and put him in ambulatory metal shackles and belly restraints.[1]  *Id.* ¶¶ 26–27.  These restraints made it nearly impossible for Mr. Chrisco to sleep, and they caused wounds on his wrists and ankles.  *Id.* ¶¶ 28, 31.  During the MHW, Mr. Gibson subjected Mr. Chrisco to "restraint checks" every two hours.  *Id.* ¶ 29.  As part of these checks, Mr. Gibson removed Mr. Chrisco from his cell by threat of force and shoved him into a wall while a nurse examined his restraints to ensure they were not too tight.  *Id.* ¶¶ 29–30.  Mr. Chrisco alleges Defendants performed the restraint checks to deprive him of sleep and break his will to do legal work.  *Id.* ¶¶ 27, 29–30, 32.  Mr. Chrisco remained on the MHW until April 29, 2015.  *Id.* ¶ 27.

## II.     Procedural History

Although Mr. Chrisco initiated this case on April 26, 2017, Compl. 1, he deposited the Complaint in the SCCF mail system on April 24, 2017.  ECF No. 1-1, at 2.  Mr. Chrisco's second claim alleges Mr. Gibson committed medical malpractice and violated his Eighth Amendment right to be free from cruel and unusual punishment.  Compl. 8, ECF No. 1.  This is Mr. Chrisco's only cause of action against Mr. Gibson.

Before Mr. Gibson was served with the Complaint, various other Defendants moved to dismiss Mr. Chrisco's claims against them.  Defs.' Mot. to Dismiss, ECF No. 32.  I recommended that Judge Brimmer dismiss the Eighth Amendment claim in the second cause of action, because the claim was time barred and Mr. Chrisco failed to establish that equitable tolling was proper.  R. &

---

[1] Although Mr. Chrisco's first allegation related to this claim asserts the event took place on April 15, 2016, all of the subsequent allegations contend this incident happened in 2015.  Compl. ¶¶ 27–32.  Further, Mr. Chrisco's response to the prior motion to dismiss did not assert he was put on a MHW in 2016.

R. on Defs.' Mot. to Dismiss 10–12, ECF No. 94. However, I recommended permitting the medical malpractice claim to proceed, because Defendants did not address these allegations. *Id.* at 32 n.5. Judge Brimmer adopted my recommendation in full on March 27, 2018. Order Adopting R. & R., ECF No. 103.

Mr. Gibson was subsequently served with the Complaint, and I granted him an extension of time to file an answer or other response. ECF No. 102. On March 29, 2018, Mr. Gibson responded to the Complaint by filing the present Motion to Dismiss. Gibson's Mot. to Dismiss, ECF No. 104. Mr. Gibson seeks dismissal of Mr. Chrisco's medical malpractice claim as to him, because (1) it is barred by the statute of limitations, (2) it fails to meet the requirements of the Colorado Certificate of Review Statute, and (3) he is immune from liability pursuant to the Colorado Governmental Immunity Act. *Id.* at 4–8.

On April 16, 2018, I granted Mr. Chrisco an extension of time until May 25, 2018 to respond to Mr. Gibson's motion. ECF No. 111. Mr. Chrisco did not file a response.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare

3

assertions, or merely conclusory. *Id.* at 678–80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

4

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## **ANALYSIS**

I recommend dismissing Mr. Chrisco's medical malpractice claim against Mr. Gibson as untimely. Colorado law requires plaintiffs to bring medical malpractice claims "within two years after the date that such action accrues. . . ." Colo. Rev. Stat. § 13-80-102.5(1) (West 2018). A cause of action accrues when "the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1) (West 2018).

Mr. Chrisco alleges Mr. Gibson began injuring him through performing restraint checks on April 15, 2015. Compl. ¶¶ 26–28. As such, Mr. Chrisco's medical malpractice claim accrued on

5

April 15, 2015, which is more than two years before Mr. Chrisco submitted his Complaint. Indeed, Judge Brimmer held as much with regard to the same factual allegations when he stated, "In the absence of equitable tolling, plaintiff's § 1983 claims are barred by the two-year statute of limitations." Order Adopting R. & R. 7, ECF No. 103.

Although Mr. Chrisco did not file a response to the present motion, I can infer from prior filings that he does not dispute the untimeliness of his claim. When responding to Defendants' arguments regarding the two-year statute of limitations under § 1983, Mr. Chrisco did not dispute that his second claim accrued more than two years before he submitted his Complaint. Instead, he argued that the Court should toll the statute of limitations. Resp. to Defs.' Mot. to Dismiss 35, ECF No. 60. However, he does not assert that equitable tolling is proper as to his medical malpractice claim. Moreover, Judge Brimmer and I rejected his tolling argument when ruling on the prior motion to dismiss. *See* R. & R. on Defs.' Mot. to Dismiss 11–12, ECF No. 94; Order Adopting R. & R. 4–8.

To be sure, I stated in my recommendation, and Judge Brimmer held in his order, that Mr. Chrisco's medical malpractice claim should proceed against Defendants Maley, Gibson, and Spearing. R. & R. on Defs.' Mot. to Dismiss 32 n.5; Order Adopting R. & R. 8–9. However, I stated this only because the Defendants who brought that motion did not address the medical malpractice claim. Mr. Gibson did not join in that motion, and he clearly raises the medical malpractice statute of limitations as a defense in the present motion.[2] *See* Gibson's Mot. to Dismiss

---

[2] I note that Judge Brimmer adopted my recommendation to dismiss Mr. Chrisco's § 1983 claim against Mr. Gibson even though he was not a party to that motion. To the extent it was improper to recommend dismissal of a claim against a party who had not filed a motion, my analysis as to the other Defendants applies equally to Mr. Gibson. Furthermore, my finding in this recommendation that Mr. Chrisco's allegations are outside the two-year statute of limitations

4–5, ECF No. 104. Accordingly, I recommend finding that the two-year statute of limitations contained in Colo. Rev. Stat. § 13-80-102.5(1) bars Mr. Chrisco's medical malpractice claim as to Mr. Gibson.[3]

## CONCLUSION

Even accepting the allegations in the Complaint as true, Mr. Chrisco's medical malpractice claim against Mr Gibson is barred by the statute of limitations. Accordingly, I respectfully recommend that Mr. Gibson's Motion to Dismiss [filed March 29, 2018; ECF No. 104] be **granted**.[4]

Dated and entered at Denver, Colorado this 17th day of July, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

sufficiently demonstrates that Mr. Chrisco's § 1983 claim against Mr. Gibson is also time barred.

[3] Because I find that Mr. Chrisco's claim against Mr. Gibson is untimely, I need not address Mr. Gibson's arguments regarding a certificate of review and the Colorado Governmental Immunity Act.

[4] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).