IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01036-PAB-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

RICHARD F. RAEMISCH, Executive Director, Colorado Department of Corrections,
MS. KRAKOW, MHP, SCCF,
DR. RICHARD MALEY, SCCF MHP,
DONALD GIBSON, SCCF MHP,
MS. SPEARING, SCCF MHP, and
C.O. KEYS, SCCF,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 113] filed on July 17, 2018. The magistrate judge recommends that the Court dismiss plaintiff's state-law medical malpractice claim against defendant Donald Gibson on the ground that it is barred by Colorado's two-year statute of limitations. *See* Docket No. 113 at 5. Plaintiff filed a timely objection to the recommendation on August 3, 2018. Docket No. 114.

## I. BACKGROUND

Plaintiff initiated this *pro se* lawsuit on April 26, 2017, asserting constitutional and state-law claims arising out of a series of incidents that occurred at San Carlos Correctional Facility ("SCCF") in April 2015. *See* Docket No. 1. As relevant here, plaintiff's second claim for relief asserts that he was placed on a "mental health watch"

from April 15, 2015 until April 29, 2015, during which time he was placed in ambulatory restraints that made it nearly impossible to sleep. *Id.* at 8. He alleges that, during this time, various individuals, including defendant Donald Gibson, subjected him to "restraint checks" every two hours whereby plaintiff was removed from his cell and the tightness of his restraints checked, which had the purpose of punishing plaintiff and depriving him of sleep. *Id*. at 8-9. Plaintiff further alleges that defendant Gibson helped to justify plaintiff's continued placement on mental health watch despite knowing that plaintiff was not a danger to himself or others. *Id.* at 9. Plaintiff asserts claims against defendant Gibson for medical malpractice under state law and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. *Id.* at 8.

On July 31, 2017, defendants Raemisch, Travis, Montoya, Eslinger, Collins, Maley, Spearing, Gallardo, Espinoza, Cortez, Shofner, Krakow, Jones, and Sierra moved to dismiss the majority of plaintiff's claims, including the second claim for relief. Docket No. 32. Defendant Gibson did not join in the motion to dismiss because he was not served until January 2018. *See* Docket No. 92.

On February 20, 2018, the magistrate judge recommended that the defendants' motion be granted and that plaintiff's second claim for relief be dismissed to the extent that it asserted an Eighth Amendment claim against defendants Maley, Gibson, and Spearing. Docket No. 94 at 31. The magistrate judge determined that the claim had accrued outside of the applicable two-year statute of limitations period and was not subject to equitable tolling. *Id.* at 11-12.[1] On March 27, 2018, the Court accepted the

---

[1]As Judge Hegarty noted in his recommendation, plaintiff did not argue that his claims had accrued within the relevant limitations period – i.e., on or after April 24,

2

magistrate judge's recommendation and dismissed plaintiff's second claim for relief to the extent that it asserted an Eighth Amendment claim under 42 U.S.C. § 1983. Docket No. 103 at 10. In doing so, the Court overruled plaintiff's objection that he was entitled to equitable tolling, concluding that plaintiff had not shown he had made diligent efforts to pursue his claims within the limitations period. *See* Docket No. 103 at 7. Plaintiff's medical malpractice claims were allowed to proceed because defendants had not advanced any argument that those claims were subject to dismissal. *Id.* at 8-9.

On March 29, 2018, defendant Gibson moved to dismiss the second claim for relief to the extent it asserted a medical malpractice claim against him. Docket No. 104. Plaintiff did not file a response to the motion. On July 17, 2018, the magistrate judge recommended that the claim be dismissed as time-barred under Colo. Rev. Stat. § 13-80-102.5(1). Docket No. 113 at 5.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."[2]

---

2015. Docket No. 94 at 11.

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court construes his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Plaintiff objects to the magistrate judge's recommendation on two grounds. First, he asserts that defendant "Gibson's complained-of conduct was a continuing injury over the course of a two-week period from April 15, 2015 through April 29, 2015" and thus "the full nature of the injury . . . was [not] immediately cognizable on April 15, 2015." Docket No. 114 at 2. Second, plaintiff contends that the Court erred by dismissing his Eighth Amendment claim against defendant Gibson because defendant Gibson did not join in the motion to dismiss plaintiff's constitutional claims. *Id.* at 3.

### A. Medical Malpractice Claim

Plaintiff asserts that the magistrate judge's "reliance on an accrual date of April 15, 2015 is misplaced" because, unlike Dr. Richard Maley, who initiated the ambulatory restraints on April 15, defendant Gibson "continued the [mental health watch] restraints over the course of the . . . two-week period." Docket No. 114 at 2.

Plaintiff appears to be invoking the continuing violation doctrine. Under that doctrine, "if a defendant has engaged in a series of unlawful acts over an extended period, a plaintiff may be allowed to obtain relief for a time-barred act by linking it with an act that occurs within the limitations period." *Polk v. Hergert Land & Cattle Co.*, 5

P.3d 402, 405 (Colo. App. 2000).³  However, Colorado courts have generally limited the continuing violation doctrine to employment discrimination cases, *id*.; *see also Harmon v. Fred S. James & Co. of Colorado, Inc.*, 899 P.2d 258, 261-62 (Colo. App. 1994) (declining to extend continuing violation doctrine to bad faith claim), and plaintiff has not offered any argument or authority for extending the doctrine to medical malpractice claims.⁴

The Court finds it unlikely that Colorado courts would extend the continuing violation doctrine to this context.  As the Colorado Court of Appeals explained in *Harmon*, courts have traditionally applied the doctrine in three types of cases: (1) cases involving "hiring or promotion practices in which the decision-making process takes place over a period of time"; (2) cases in which an "employer has an express, openly espoused policy that is alleged to be discriminatory"; and (3) cases in which an "employer has covertly engaged in a practice of discrimination which is evidenced only by a series of discrete, allegedly discriminatory, acts."  899 P.2d at 261.  These cases

---

³The Court looks to Colorado law to determine the accrual date for plaintiff's medical malpractice claims.  Under Colo. Rev. Stat. § 13-80-108(1), "a cause of action for injury to person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."

⁴The Colorado Supreme Court has recognized a continuous course of treatment doctrine under which the three-year statute of repose in Colo. Rev. Stat. § 13-80-102.5(1) does not begin to run until "the final act constituting the treatment."  *Comstock v. Collier*, 737 P.2d 845, 848 (Colo. 1987).  However, this doctrine does not apply to the two-year limitations period, which the magistrate judge found applicable to plaintiff's medical malpractice claims.  *See id.* at 849 (explaining that "[a] period of continuous treatment does not toll the two-year statute of limitation" and that "an action may be barred by the statute of limitation even before the statute of repose is triggered if the injury is discovered or should have been discovered but treatment continues"); *Harmon*, 899 P.2d at 260 (stating that the court in *Comstock* "held that the continuing nature of the treatment did not toll the statute of limitations on the malpractice claim").

5

illustrate that "[a] series of unlawful acts can be viewed properly as a continuing violation only if their character was not apparent when they were committed but became so when viewed in the light of the later acts." *Id.* at 262. In *Harmon*, the court declined to extend the continuing violation doctrine to the plaintiff's bad faith claim because, "[u]nlike the harassment and hostile environment cases, a claim of bad faith may arise from one episode of unreasonable conduct by an insurer." *Id.* The same logic is applicable here. Plaintiff alleges multiple discrete acts, each of which may be independently sufficient to support a medical malpractice claim. *See* Docket No. 1 at 8-9, ¶¶ 29 (alleging that plaintiff was subject to restraint checks every two hours, "made to exit his cell on threat of force," and "shoved up against the wall"), 33 (alleging that the defendants "alternated . . . in . . . writing false reports and continuing the ambulatory restraint MH Watch when they knew that it was not justified").[5] Therefore, the Court finds that the continuing violation doctrine does not apply.

Plaintiff's objection to the magistrate judge's recommendation could also be construed as asserting that, because defendant Gibson's unlawful conduct continued over the course of the two-week period beginning on April 15, 2015, at least some of his actions fall within the limitations period. *See* Docket No. 114 at 2, ¶ 7 (noting that "the Complaint alleges that Dr. Maley initiated the MHW ambulatory restraints on April 15, 2015 as opposed to Gibson, who is contrastingly alleged to have continued the MHW restraints over the course of said two-week period"). Plaintiff's complaint is not

---

[5]The Court is not expressing any opinion on the merits of plaintiff's medical malpractice claim, only that the nature of the claim is such that defendant's individual actions may be sufficient to give rise to liability.

clear on this point. For example, although plaintiff alleges that the defendants "alternated during [the] two week period in stopping by [plaintiff's] cell, writing false reports and continuing the ambulatory restraint MH Watch," he does not allege the specific date on which defendant Gibson purportedly drafted his false report. Docket No. 1 at 9, ¶ 33. "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted). In making this determination, the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Rupnow v. Panio*, No. 16-cv-0813-WJM-MEH, 2017 WL 818664, at *1 (D. Colo. Mar. 2, 2017) (citing *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).[6]

Construing the complaint in a light most favorable to plaintiff, it appears that at least some of defendant Gibson's conduct may have occurred within the two-year limitations period. At a minimum, the Court cannot determine from the face of the complaint whether plaintiff's claim is time-barred in its entirety. *See Sierra Club*, 816 F.3d at 671; *cf. Vreeland v. Fisher*, No. 13-cv-02422-PAB-KMT, 2014 WL 4854739, at *6 (D. Colo. Sept. 29, 2014) (determining sufficiency of complaint based only on

---

[6]The Court construes defendant's motion to dismiss on statute of limitations grounds as being brought pursuant to Fed. R. Civ. P. 12(b)(6). *See Schimmer v. State Farm Mutual Auto. Ins. Co.*, No. 05-cv-02513-MSK, 2006 WL 1658550, at *2 (D. Colo. June 8, 2006) ("The usual statute of limitations defense under Colorado law is not jurisdictional, and a motion raising that defense therefore cannot be brought pursuant to Fed. R. Civ. P. 12(b)(1). Rather, the timeliness of a claim is, in essence, an element of the substantive claim, and is challenged by means of Fed. R. Civ. P. 12(b)(6).").

7

allegations concerning events that took place within relevant limitations period where plaintiff had alleged discrete acts occurring before and after the expiration of the limitations period), *aff'd*, 682 F. App'x 642 (10th Cir. 2017) (unpublished); *Wardcraft Homes, Inc. v. Employers Mutual Cas. Co.*, 70 F. Supp. 3d 1198, 1212 (D. Colo. 2014) (stating that, for purpose of accrual under Colo. Rev. Stat. § 13-80-108(1), "[e]ach bad faith act constitutes a separate and distinct tortious act, on which the statute of limitation begins to run anew when plaintiff becomes aware of the injury and its cause"); *Empire Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 764 P.2d 1191, 1197 (Colo. 1988) (viewing acts alleged as part of malpractice claim as separate acts of negligence). Accordingly, while plaintiff may not pursue a claim based on acts occurring prior to April 24, 2015,[7] the Court will reject the magistrate judge's recommendation that plaintiff's medical malpractice claim against Donald Gibson be dismissed in its entirety on statute of limitations grounds.[8]

Defendant Gibson raises two additional grounds for dismissal. First, he asserts that plaintiff's medical malpractice claim should be dismissed due to plaintiff's failure to satisfy the requirements of Colorado's certificate of review statute, Colo. Rev. Stat.

---

[7] Plaintiff placed his complaint in the prison legal mail system on April 24, 2017. *See* Docket No. 1-1 at 2; Docket No. 104 at 5. Accordingly, any actions taken more than two years before that date are time barred.

[8] Although the Court reached a different conclusion as to plaintiff's Eighth Amendment claims, plaintiff never argued that defendants' conduct fell within the statute of limitations period. *See* Docket No. 94 at 11 (noting that plaintiff did "not dispute that [his] claims accrued prior to the two-year [limitations] period"). Instead, plaintiff consistently asserted that his claims were subject to equitable tolling, an argument the Court found to be without merit. *Id.*; Docket No. 97 at 2; Docket No. 107 at 2-3.

§ 13-20-602. That statute provides: "[i]n every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review" declaring "[t]hat the attorney has consulted a person who has expertise in the area of the alleged negligent conduct" and "[t]hat the professional who has been consulted . . . has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4)." Colo. Rev. Stat. § 13-20-602(1)(a), (3)(a)(I)-(II). Despite the statutory language referring to "plaintiff's attorney," the requirements of Colo. Rev. Stat. § 13-20-602 apply equally "to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002); *see also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004) (noting that the Colorado "certificate of review requirement applies whether or not the plaintiff is represented by counsel").

Defendant argues that the "Certificate of Review requirement is mandatory in all civil actions based on the alleged professional negligence of licensed professionals" and thus plaintiff's failure to file a certificate of review is fatal to his claim. Docket No. 104 at 6.[9] The Court disagrees. Under Colorado law, the certificate of review requirement does not apply when "the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons," *Teiken*

---

[9]Defendant acknowledged in his motion that the sixty day deadline for filing a certificate of review, *see* Colo. Rev. Stat. § 13-20-602(1)(a), had not yet passed. Docket No. 104 at 6. However, more than sixty days has passed since the filing of defendant's motion to dismiss and plaintiff has not filed a certificate of review.

9

*v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995); *see also Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo. App. 1989) ("[E]xcept in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct . . . ."), or when the duty of care allegedly violated "arises from a general principle . . . which . . . is a principle not peculiar to any one profession." *Shinn v. Melberg*, No. 12-cv-01180-LTB-BNB, 2014 WL 334662, at *3 (D. Colo. Jan. 30, 2014) (quoting *Gorab v. Zook*, 943 P.2d 423, 427 n.5 (Colo. 1997)). Plaintiff's allegations, taken as true, demonstrate a "dereliction of duty so palpable as to be apparent without the presentation of expert testimony." *Boigegrain*, 784 P.2d at 850; Docket No. 1 at 9, ¶ 33 (alleging that defendant Gibson "alternated" with the other defendants in "writing false reports and continuing the ambulatory restraint MH Watch" despite knowing that "it was not justified . . . and that the ambulatory restrainst [sic] served no other purpose than to make him suffer").[10] Accordingly, the Court is unable to conclude, at this stage of the litigation, that plaintiff's failure to comply with the certificate of review requirement mandates the dismissal of his medical malpractice claim. *See Kitto v. Gilbert*, 570 P.2d 544, 552 (Colo. App. 1977) (stating that the "inference of negligence" arising from disconnection of tube connecting patient to anesthesiology machine "did not require expert analysis"); *cf. Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. App. 2005) (holding that certificate of review was not required in legal malpractice action to "establish the standard of care regarding [attorney's] failure to file a case within the applicable statute

---

[10]It would be a different situation if plaintiff challenged defendant Gibson's judgment as to whether plaintiff's medical condition justified continuing the mental health watch.

of limitations").

Defendant also argues that he is immune from liability under the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.* Docket No. 104 at 7. The CGIA provides that "no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of his or her employment, unless such act or omission was willful and wanton, except as provided in this article." Colo. Rev. Stat. § 24-10-105(1); *see also id.*, § 24-10-118(2)(a). Defendant argues that plaintiff's medical malpractice claim must be dismissed because he has failed to allege willful and wanton conduct. Docket No. 104 at 8. Although "willful and wanton conduct" is not defined in the CGIA, the Colorado Supreme Court has interpreted the phrase to mean conduct that "exhibit[s] a conscious disregard for the danger." *Martinez v. Estate of Bleck*, 379 P.3d 315, 323 (Colo. 2016); *see also Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994) (noting that "willful and wanton" is defined in Colorado's exemplary damages statute as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff").

The Court finds plaintiff's allegations sufficient to establish willful and wanton conduct on the part of defendant Gibson. Plaintiff alleges that defendants subjected plaintiff to "restraint checks every two hours 24 hours a day" for purposes of punishing him "by sleep depriving him." Docket No. 1 at 8-9, ¶¶ 29-30. Plaintiff further alleges that defendants Spearing, Maley, Gibson, and Barr "alternated . . . in stopping by [plaintiff's] cell, writing false reports and continuing the ambulatory restraint MH Watch

11

when they knew that it was not justified and that [plaintiff] was not a harm to himself or others and that the ambulatory restrainst [sic] served no other purpose than to make him suffer." *Id.* at 9, ¶ 33. Accepted as true, these allegations demonstrate a "conscious disregard" to plaintiff's rights and safety. *See Martinez*, 379 P.3d at 323. Accordingly, defendant is not entitled to dismissal on the basis of governmental immunity. *See Herren v. Lappegaard*, No. 18-cv-00209-CMA-KLM, 2018 WL 3999658, at *11 (D. Colo. July 30, 2018) (finding plaintiff's allegations that the defendants had arrested him without probable cause sufficient to establish willful and wanton conduct), *report and recommendation adopted by* 2018 WL 3996601 (D. Colo. Aug. 20, 2018).[11]

---

[11]Some courts have interpreted the CGIA's waiver of immunity for "willful and wanton" conduct as an issue of subject matter jurisdiction that cannot be resolved based on the sufficiency of the complaint. *See, e.g.*, *Tatten v. City & Cty. of Denver*, No. 16-cv-01603-RBJ-NYW, 2017 WL 5172244, at *11 (D. Colo. Feb. 3, 2017) (citing *Martinez* for the proposition that the CGIA's "waiver of immunity for willful and wanton conduct . . . present[s] a subject matter jurisdiction issue rather than a Rule 12(b)(6) issue" (internal quotation marks omitted)), *report and recommendation adopted by* 2017 WL 1435854 (D. Colo. Mar. 29, 2017); *L.J. v. Carricato*, 413 P.3d 1280, 1288 (Colo. App. 2018) ("[I]t is not enough for the district court to merely determine that the complaint adequately alleged that the conduct was willful and wanton. The district court must determine whether the conduct was in fact willful and wanton."). *But see* Colo. Rev. Stat. § 24-10-110(5)(b) ("Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted."); *Anderson v. Shutters*, No. 17-cv-00884-CMA-STV, 2018 WL 2948221, at *4 (D. Colo. June 13, 2018) (noting that "a plaintiff bears the burden of demonstrating that the official's conduct was willful and wanton" and must, "[a]t a minimum, . . . allege specific facts to support a reasonable inference that the employee was consciously aware that his acts or omissions created danger or risk" (internal quotation marks and ellipsis omitted)); *Herren*, 2018 WL 3999658, at *11 (finding that the plaintiffs' allegations, taken as true, sufficiently alleged that the defendants' acts were willful and wanton and thus the defendants were not entitled to dismissal of the plaintiff's false arrest claim on immunity grounds). The Court need not resolve the issue in this case. Because defendant Gibson limits his immunity argument to the sufficiency of plaintiff's allegations, *see* Docket No. 104 at 8 (asserting that plaintiff's claim is subject to dismissal under Colo. Rev. Stat. § 24-10-110(5)(a)-(b) because the complaint "is devoid of factual allegations

## B. Eighth Amendment Claim

Plaintiff also challenges the dismissal of his Eighth Amendment claim against defendant Gibson on the ground that defendant Gibson did not join in the motion to dismiss that claim. Docket No. 114 at 3. However, a court may *sua sponte* dismiss a claim under Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged . . . and allowing him an opportunity to amend his complaint would be futile." *McKinney v. Okla. Dep't of Human Servs., Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991); *see also Hollander v. Copacabana Nightclub*, 580 F. Supp. 2d 335, 343 (S.D.N.Y. 2008) (finding *sua sponte* dismissal of claims against two defendants appropriate where "[t]here [were] no separate facts alleged against [them] that would [have] alter[ed] the state action inquiry, and [the] plaintiff ha[d] had an opportunity to be heard on the issues"), *aff'd*, 624 F.3d 30 (2d Cir. 2010). Here, plaintiff's second claim for relief did not allege any separate facts against defendant Gibson that would have altered the Court's analysis of plaintiff's Eighth Amendment claim. *See* Docket No. 1 at 8-9. Nor did plaintiff raise a timely argument that the Eighth Amendment claim against defendant Gibson was not encompassed by the defendants' motion to dismiss. *See* Docket No. 96 (objecting to magistrate judge's recommendation of dismissal on ground that claims were subject to equitable tolling); Docket No. 107 (requesting that Court reconsider its order of dismissal on ground that Court failed to draw all reasonable inferences in plaintiff's favor regarding his diligent pursuit of his

---

supporting his assertion of wrongful conduct"), the Court's determination that plaintiff has adequately alleged willful and wanton conduct is a sufficient basis on which to deny defendant's motion to dismiss.

13

claims). Plaintiff has therefore waived any challenge to this Court's prior order dismissing his Eighth Amendment claim against defendant Gibson, and plaintiff's objection on this issue will be overruled.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to (ECF 113) Recommendation of United States Magistrate Judge Regarding Defendant Gibson's Motion to Dismess [Docket No. 114] is **SUSTAINED** in part and **OVERRULED** in part as stated in this order. It is further

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 113] is **ACCEPTED** in part and **REJECTED** in part as stated in this order. It is further

**ORDERED** that defendant Gibson's Motion to Dismiss [Docket No. 104] is **GRANTED** in part and **DENIED** in part.

DATED March 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge